# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN WEEKS, an individual doing business as K&W SALES; and KING FRESH PRODUCE, LLC,<br><br>Plaintiffs,<br>v.<br>Fresh-Pic PRODUCE COMPANY, INC., a California corporation; FRANK AVILA, an individual; KARINA SAUCEDO, an individual; FRESH CUT PRODUCE COMPANY, a corporation; ROBERTO SALINAS, an individual; MICHAEL A. ALMANZA, individual and doing business as PURA VIDA,<br><br>Defendants. | Case No. 08cv02058 BTM (WVG)<br><br>**ORDER DENYING EX PARTE MOTION FOR ORDER STAYING EXECUTION OF JUDGMENT** |

Pending before the Court is the ex parte motion for an order staying the enforcement of the Court's May 17, 2012 judgment, filed by Defendants Frank Avila, Michael A. Almanza, and Karina Saucedo (collectively, "Defendants").

Federal Rule of Civil Procedure 62(b) states: "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment . . . pending disposition of any of the following motions: . . . (3) under Rule 59, for a new trial or to alter or amend a judgment; or (4) under Rule 60, for relief from a judgment or order." The factors regulating the issuance of a stay are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured

absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Applying the Hilton factors, the Court finds *first* that Defendants have not shown a likelihood of success on the merits. Although they seek to challenge liability, they have not made a strong showing either that the Court should grant the motion for reconsideration, or that they would prevail on their liability defenses if the Court did reconsider the judgment. See McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) ("Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." (citation and quotation marks omitted)). *Second*, the Defendants have not shown irreparable injury, because, as set forth below, any amounts collected pursuant to the judgment entered in this case shall be placed into the registry of the Court, pending the resolution of the motion for reconsideration. To the extent Defendants assert irreparable injury based on potential loss of "other property through levy along with damage to their credit rating" (Doc. 81-1 at 5), Defendants have not introduced any evidence to support the threat of such loss, and damage to a credit rating is not, in any event, irreparable. *Third*, a stay in this case would injure other parties interested in the proceedings, namely Plaintiffs, because it would interfere with their ability to collect on the judgment. *Fourth*, there is public interest in preserving the rights of sellers of agricultural commodities to the establishment of a PACA trust--rights that would be frustrated by an order staying judgment in this case.

Accordingly, the Court DENIES Defendants' ex parte motion for an order staying execution of judgment. However, in the interest of Defendants' security should they ultimately prevail, the Court ORDERS that any amounts recovered by Plaintiffs on the May 17, 2012 judgment be placed on deposit in the registry of the Court, for the benefit of Plaintiffs. The Clerk shall place all such payments made pursuant to this Order in an interest-bearing money market account. The Clerk shall assess a charge for the handling of the funds in accordance with the fee schedule issued by the Director of the Administrative Office of the U.S. Courts.

Pursuant to Civ. L.R. 67.1(d), the Court further ORDERS that Plaintiff's counsel personally serve a copy of this Order on the Clerk or the Chief Deputy. Absent the aforesaid service, the Clerk is hereby relieved of any personal liability relative to compliance with this order.

**IT IS SO ORDERED.**

DATED: July 25, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court