# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN WEEKS, an individual doing business as K&W SALES; and KING FRESH PRODUCE, LLC,<br><br>Plaintiffs,<br>v.<br>Fresh-Pic PRODUCE COMPANY, INC., a California corporation; FRANK AVILA, an individual; KARINA SAUCEDO, an individual; FRESH CUT PRODUCE COMPANY, a corporation; ROBERTO SALINAS, an individual; MICHAEL A. ALMANZA, individual and doing business as PURA VIDA,<br><br>Defendants. | Case No. 08cv02058 BTM (WVG)<br><br>**ORDER RE MOTIONS TO WITHDRAW/AMEND ADMISSIONS AND ALTER/AMEND JUDGMENT** |

On May 17, 2012, the Court issued an order granting in part and denying in part Plaintiffs' motion for reconsideration. In particular, the Court reversed its initial holding and granted Plaintiffs' motion for summary judgment on their Perishable Agricultural Commodities Act ("PACA") claims. Order re Mot. Reconsid. May 17, 2012 (ECF No. 74) at 2-4. Accordingly, judgment was entered in favor of Plaintiffs.

Subsequently, on June 13, 2012, Defendants Frank Avila, Michael A. Almanza, and Karina Saucedo filed motions to withdraw or amend admissions under Fed.R.Civ.P. 36(b) (ECF No. 79), to amend or alter the judgment under Fed.R.Civ.P. 59(e) (ECF No. 80), and

to stay proceedings to enforce a judgment (ECF No. 81). The moving defendants argued in all three motions that "because of a failure of representation that constitutes client abandonment, this court did not have before it any evidence to support Defendants' contention that there are such genuine issues of material fact." (ECF No. 79-1 at 1; ECF No. 80-1 at 1; ECF No. 81-1 at 2.) On July 25, 2012, the Court denied the motion for an order staying execution of the judgment, but did not rule on the other two motions. For the reasons stated below, the Court **DENIES** the motion to withdraw or amend admissions, and **GRANTS** the motion to alter or amend the judgment as to Mr. Almanza and Ms. Saucedo but **DENIES** it as to Mr. Avila.

The Court presumes the parties' familiarity with the facts.

I.   Motion to Withdraw or Amend Admissions

Under Federal Rule of Civil Procedure 36(b), "the court may permit withdrawal or amendment [of an admission] [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Rule 36(b) is permissive, and a court may deny a party's motion to withdraw or amend admissions even if both prongs are met. Conlon v. United States, 474 F.3d 616, 624-25 (9th Cir. 2007). However, the court must analyze both factors. See id. at 625. The court may also consider additional factors, such as whether the moving party can show good cause for the delay or has a strong case on the merits, but the two factors enumerated in the rule are "central to the analysis." Id.

   a.   Presentation of the Merits

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Id. at 622 (internal quotations omitted) (quoting Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995)). For claims brought under the statutory trust provisions of PACA, only those "who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those

assets" may be held personally liable under PACA. Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997). The moving defendants now contest whether they are fiduciaries such that they may be held personally liable, in contrast to their deemed admissions. Because upholding the admissions would eliminate any presentation on the merits, see Conlon, 474 F.3d at 622, the first prong of the test is satisfied.

### b. Prejudice to Plaintiffs

The second prong of the Rule 36(b) test is whether withdrawing or amending the admissions would prejudice the nonmoving party in maintaining or defending the action on the merits.

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

Id. at 622 (internal quotations omitted) (quoting Hadley, 45 F.3d at 1348). The party relying on the admissions has the burden of proving prejudice. Id.

According to Plaintiffs, and substantiated by the moving defendants' declarations in support of their motions, Defendants only had two contacts with K&W Sales ("K&W"): Alan Weeks and Scott Saikhon. (ECF No. 98 at 8.) Both have since passed away. Mr. Saikhon, a K&W sales representative, died on February 23, 2009, a few months after the lawsuit was filed. (Id.) Mr. Weeks, the owner and operator of K&W, died on May 18, 2011, before the Court ruled on Plaintiffs' dispositive motions but well after the admissions were deemed admitted.[1] According to Plaintiffs, "[b]oth deaths were unexpected, and neither of these witnesses recorded declarations concerning the business relationship between K&W and the Defendants." (Id. at 2.)

---

[1] Parties have 30 days to respond to requests for admissions, after which matters are deemed admitted. See Fed.R.Civ.P. 36(a)(3). Therefore, matters not responded to were deemed admitted after August 1, 2010 as to defendants Avila and Saucedo, see Cert. of Service (ECF No. 57-1 at 56-58), and October 25, 2010 as to defendant Almanza. See Cert. of Service (ECF No. 57-1 at 68-69).

The unavailability of key witnesses was expressly contemplated by the Ninth Circuit as indicative of prejudice, see supra. However, while both men would obviously have been vital to Plaintiffs' presentation of their case, only Mr. Weeks' death prejudiced Plaintiffs as to the admissions, since the matters were deemed admitted prior to his death and thus appeared to eliminate any need for Plaintiffs to, for instance, take his deposition. And since Mr. Saikhon had already passed away, Mr. Weeks' death means that Plaintiffs no longer have any access to people other than Defendants involved in the transactions at issue. The Court thus finds that Plaintiffs would be extremely prejudiced were the admissions to be withdrawn or amended.

### c. Other Considerations

In addition to arguing that they are not fiduciaries of the PACA trust, the moving defendants also argue that they did not accept the produce in question, and therefore there is no valid underlying debt. If there is no debt, then by extension there is no PACA trust for which Plaintiffs may recover. This argument appears to go to the merits of the case rather than any particular admissions made by the moving defendants, since Defendants characterize it as an issue that their counsel "failed to raise" in opposition to the summary judgment motion. (See ECF No. 79-1 at 1.) Their support for this contention is that there are no signed confirmation slips as proof of acceptance, which they assert is Defendants' practice as well as standard industry practice.

Defendants argue that their legal representation at the time was so inadequate that it "constitutes client abandonment." (Id.) According to Defendants, their former attorney failed to file an opposition to Plaintiffs' motion for summary judgment on behalf of Mr. Almanza, as well as failing to file any responses to requests for admissions on behalf of Mr. Almanza or Ms. Saucedo, and filing allegedly incorrect admissions on behalf of Mr. Avila. However, parties are "held accountable for the acts and omissions of their chosen counsel." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). As the Supreme Court observed in Link v. Wabash R. Co., 370 U.S.

626, 633-34 (1962), "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent." The Court thus finds that this argument is inadequate to outweigh the prejudice to Plaintiffs. While the Ninth Circuit has allowed for relief in certain circumstances based on an attorney's "gross negligence," as discussed further below, it has not done so outside of the Rule 60(b)(6) context, and the Court does not believe it may be appropriately extended here, especially where Rule 36(b)—unlike Rule 60(b)(6)—specifically directs the court to consider prejudice to the opposing party. Therefore, the Court **DENIES** Defendants' motion to withdraw or amend their admissions.

II.     Motion to Amend or Alter the Judgment

Defendants have also filed a motion to amend or alter the judgment per Federal Rule of Civil Procedure 59(e), which allows parties to file such a motion within 28 days after the entry of judgment. See Fed. R. Civ. P. 59(e). Judgment was entered on May 17, 2012, and Defendants' motion was filed on June 13, 2012. Thus, the motion was timely filed.

A motion to alter or amend the judgment under Rule 59(e) may be granted where "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). But it is not an opportunity for parties to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The Court finds that none of the three alternatives outlined in Zimmerman applies here.

However, the Ninth Circuit has held that, in certain circumstances, "gross negligence" by an attorney may justify setting aside a judgment against the attorney's client under Rule 60(b)(6). Community Dental Services v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002). While Defendants have brought their motion pursuant to Rule 59(e), a motion under either provision asks the court to set aside a judgment, and indeed, parties often cite to both

provisions in moving for reconsideration of a court's judgment. Rule 60(b)(6) is a catch-all provision that allows a court to grant relief from a final judgment, order, or proceeding for "any other reason that justifies relief."

In Tani, the Ninth Circuit held that "where the client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6)." 282 F.3d at 1169 (footnote omitted). In a subsequent case, the Ninth Circuit refused to apply its holding in Tani to Rule 68 offers of judgment, stating, "Our decision in Tani was explicitly premised upon the default judgment context of the case." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). But it then extended its holding in Tani to the Rule 41(b) context, reasoning:

> Dismissal with prejudice under Rule 41(b) for failure to prosecute is the converse of a default judgment. In both instances, the consequence of the attorney's action (or inaction) is a loss of the case on the merits. The only significant difference is that the plaintiff rather than the defendant suffers the adverse judgment.

Lal v. California, 610 F.3d 518, 524-25 (9th Cir. 2010).

The Court finds that Mr. Lenderman, Defendants' former counsel, was grossly negligent as to Mr. Almanza and Ms. Saucedo, but not as to Mr. Avila. As in Tani and Lal, the consequence of Mr. Lenderman's inaction was a loss of the case on the merits. While Mr. Lenderman filed admissions on behalf of Mr. Avila, and opposed Plaintiffs' motion for summary judgment on behalf of Mr. Avila, he failed to do so on behalf of either of his other two clients. As to the allegation that he filed incorrect admissions on behalf of Mr. Avila, the Court finds that Mr. Avila contributed to his detriment by failing to read what his attorney had given him to sign. While Mr. Avila states that he "relied on [his] attorney ... to prepare accurate responses for [him]" (ECF No. 79-2 at 6), the fact remains that Mr. Avila was not asked to review complicated legalese, but rather statements about his own role at Fresh Pic, which he signed under penalty of perjury. Therefore, the Court denies the motion to alter or amend the judgment as to Mr. Avila.

The Court is now faced with a dilemma as to Mr. Almanza and Ms. Saucedo. Given that it has denied Defendants' motion to amend or withdraw their admissions, should the

Court deny Defendants' motion to alter or amend the judgment, despite finding gross negligence, on the basis of futility? The Court is also mindful of the prejudice to Plaintiffs, given that the two key people involved on the other side of the transactions at issue have passed away.

However, the Court finds that it would be unfair in the extreme to hold Mr. Almanza and Ms. Saucedo liable for the gross negligence of their attorney and the happenstance of Mr. Weeks' untimely death. Moreover, Defendants have also indicated in their moving papers that, given the opportunity and competent counsel, they would contest whether they accepted the produce in the first place. After reviewing the admissions of Mr. Almanza and Ms. Saucedo, the Court finds that this argument is not negated by the deemed admissions. Therefore, it would not be futile to proceed, and so the Court **GRANTS** Defendants' motion to alter or amend the judgment as to Mr. Almanza and Ms. Saucedo.

III. Conclusion

For the reasons set forth above, the Court hereby **DENIES** Defendants' motion to amend or withdraw their admissions (ECF No. 79), and **GRANTS** Defendants' motion to amend or alter the judgment (ECF No. 80) as to Mr. Almanza and Ms. Saucedo but **DENIES** it as to Mr. Avila. The Court therefore orders that the judgment entered on May 17, 2012 is hereby **VACATED** as to defendants Almanza and Saucedo but remains in full force and effect as to defendant Avila. The pretrial conference is set for June 18, 2013 at 2:00 p.m., and the trial shall commence on August 12, 2013 at 9:30 a.m.

**IT IS SO ORDERED.**

DATED: March 12, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court